Staneco Corporation, et al. *v.* Davis, et al.

Argued May 11, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Charles S. Katz, Jr.,* with him *R. D. Harburg* and *Swartz, Campbell & Detweiler,* for appellants.

*Sheldon Tabb,* with him *Needleman, Needleman, Tabb & Eisman, Ltd.,* for appellee.

OPINION BY JUDGE ROGERS, May 25, 1973:

Robert Davis, the claimant in this workmen's compensation case, sustained injuries to his back while working for the Staneco Corporation. Because Mr. Davis's injuries occurred when he was lifting a cabinet, a usual duty of his employment, it was necessary for him to establish an accident. He testified at the referee's hearing that as he was lifting the cabinet his foot slipped on debris. The employer's insurance carrier contends that there was no accident and that the claimant's injuries were the result either of a degenerative spinal condition or of an accident, not connected with his employment, which occurred some days after the lifting incident. The referee made a finding of no accident but the Workmen's Compensation Appeal Board reversed.

In the course of its opinion the Workmen's Compensation Appeal Board wrote: "There is here the usual detailed searching by the defendant to aware us that the description of the accident on the claim petition is

different from claimant's testimony, and the testimony of an insurance adjuster who visited claimant in the hospital and composed a statement for claimant to sign in which the slipping is omitted. We believe the testimony of claimant and find he suffered an accident."

We have carefully reviewed this record and it is clear that the Board was laboring under a vital misapprehension concerning the claimant's statement to the carrier's adjuster. It was not, as the Board states, a writing composed by the adjuster but a tape recording of an interview with the claimant at a time prior to the filing of his claim petition. In it the claimant described the incident as follows: "A. Well . . . we put the windows in the steel cabinets. I do the windows, and in order to do that you have to lay down and open the door, cut the holes—Q. When you say steel cabinets, you're talking about a fairly large . . . A. They're 72 by 24 by 24, I think. Q. Inches? A. Yes. 72 wide, 24 deep, and 24 wide. They weigh maybe 125 lbs. or so. And we lay them down on a low table and do all the work on the doors and everything and after we're done lying down we lean them and tilt them up. Q. Right. A. I did five of the, [sic] I guess it was the day before, and I was finishing this one up the first thing Tuesday morning. There was six of them altogether. And I lifted it up, but it didn't give. My back did! Q. Your back? A. Yes. I got a sharp pain in my lower back. Q. You were actually putting a window in the door to one of these cabinets? A. Well, that's what I had done. But I was just picking the cabinet up. Q. And you were doing what? You were putting the door back on there? A. No, I was just standing it up to send it to the painter and he'd paint it. Q. The door would be what—about 72″ high? A. The cabinet is 72″ high. Q. Oh. A. It's a steel box on the door on one side. Q. I see. 24″ square and 72″ high. A. If the steel

doors are operative, yes. Q. Did you fall? A. No. I just got the pain and laid it back down and started hollering." The omission from this account, twice told, of any reference to slipping on debris is obviously of considerable importance. While the Board may reject it in favor of the claimant's testimony given later at the referee's hearing, we cannot permit the Board to do so under the mistaken assumption that it was merely a composition of the adjuster.

Since we are remitting the record we express our disapproval of the Board's order that the defendant "pay the hospital and medical bills incurred by claimant . . . as set forth in the record." This court, when affirming an award, is required to enter judgment for the total amount stated by the order to be payable. Section 427 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §878. As we are not the triers of the facts, it would be inappropriate for us to search the record for hospital and medical bills to be included in our judgment.

### Order

And Now, this 25th day of May, 1973, the opinion and order of the Workmen's Compensation Appeal Board is reversed; the record is remitted to the Workmen's Compensation Appeal Board for further determination.