Butler County Memorial Hospital and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Madeline F. Kearns, Appellees.

Argued January 10, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Corwyn M. Coulter,* with him *Coulter, Gilchrist, Dillon & McCandless,* for appellants.

*Robert F. Hawk,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, March 7, 1975:

This is an appeal filed by the Butler County Memorial Hospital (Butler Hospital) from an order of the Workmen's Compensation Appeal Board (Board) dated May 23, 1974, in which the Board affirmed a referee's award of workmen's compensation to Madeline F. Kearns (Kearns).

Kearns had been employed by Butler Hospital as a nurse's aide for about five years, to April 18, 1973. At about 5:30 in the evening on that date, while lifting a 150 pound patient from a wheelchair to a hospital bed, she experienced a numbness in her lower back, and within ten minutes experienced such severe pain that she was sent by a supervising nurse of the Butler Hospital to the hospital's emergency room for treatment. After a treatment in the emergency room, which included a shot of demerol, Kearns was sent home, but the pain was so severe she telephoned the hospital and was instructed to return for treatment, which she did at about 7:30 P.M. on that same date. She remained in the hospital receiving treatment for her lower back injury for about one month, and was discharged on May 17, 1973. She continued to receive medical treatment for her back injury and later was admitted to St. Francis General Hospital in Pittsburgh on September 5, 1973 and stayed there until September 10, 1973. The record also indicates that Kearns had prior back trouble for which she had undergone a laminectomy in 1972, which had permitted her to continue working until the time of the incident on April 18, 1973. The record further indicates that she had consulted physicians concerning pains in her legs, arms and back at

various times, one of which was nine days before April 18, 1973. She received treatment for such pains.

On July 2, 1973, Kearns filed a claim petition to which Butler Hospital filed an answer denying that an injury had occurred on April 18, 1973, and generally denying all of the allegations concerning the causal connection and any treatment therefor. A hearing was held before a referee, who, in his adjudication, found that Kearns was totally disabled as a result of her lumbosacral strain injuries received in "an industrial accident on April 18, 1972." Compensation was awarded. Both Butler Hospital and its insurance carrier filed an appeal with the Board in which it was alleged that there was not substantial evidence in the record to support the referee's adjudication. In addition, Butler Hospital contended that while Kearns was in the Butler Hospital during April and May of 1973, she had received certain other treatment for a condition wholly unrelated to her injury and that, therefore, the referee's award, which included the total hospital bill, was improper. The Board, after reviewing the record, concluded that the referee's findings were supported by competent evidence and affirmed without mentioning the problem concerning the unrelated treatment.

In its appeal to this Court, Butler Hospital again contends that there is not substantial evidence in the record to support the conclusion of the Board that Kearns suffered a totally disabling compensable injury. In addition, Butler Hospital once again raises the issue of whether the hospital bills presented were wholly applicable to the injuries suffered by Kearns.

Our scope of review in workmen's compensation cases when the party having the burden of proof has prevailed below is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Airco Speer Electronics v. Workmen's Compensation Appeal Board,* —— Pa. Common-

wealth Ct. ——, 333 A.2d 508 (1975); *Panther Valley School District v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 178, 318 A.2d 403 (1974).

After careful review of this short record, we must painfully observe that the hearing before the referee was so poorly conducted that what would appear on the surface to be a simple case has been made much more difficult. If Counsel for both parties had taken as much pain with the proper preparation and presentation of the case before the referee as is now being taken in this appeal, the appeal probably would not have been necessary. In any event, our review of the record permits us to conclude that there is substantial evidence in the record to support the referee's findings that Kearns suffered a compensable injury in the course of her employment on April 18, 1973. There is evidence (which the referee apparently believed) which indicates that although Kearns had a history of prior back conditions, those conditions were asymptomatic on April 18, 1973.

For reasons unexplained anywhere in the record, the hospital and physician bills rendered subsequent to Kearns' discharge from Butler Hospital on May 15, 1973 were ignored. Kearns did not take any appeal and, therefore, this apparent discrepancy is not before us. The record clearly shows that while Kearns was in Butler Hospital as a patient she did receive what the record states was a "D & C" operation. There is nothing in the record, however, to disclose whether or not the charges for the "D & C" operation were a part of the bill in the amount of $2,582.35.[1] It is difficult to understand why But-

---

1. The record does not disclose what is meant by a "D & C" operation. We assume this means a "dilation and curettement," a minor corrective operation performed on female reproductive organs. *Dorland's Medical Dictionary* 383 (24th. ed. 1965). The operation is performed in an operating room, under anesthetic, and may require a short stay in the hospital.

ler Hospital, which was the employer and the defendant in this case, and which had all of Kearns' medical records in its possession for this critical period, did not see fit to present them to the referee for the purpose of exposing what it now contends were charges for a wholly unrelated medical treatment. Because of this lack of foresight and interest at the time of the hearing before the referee, this Court has no way of determining from this record whether the contention has any merit. The referee, however, who heard all of the evidence, believed that the documentary evidence submitted for the purpose of verifying the medical treatment which Kearns received was all related to the compensable injury. Certainly the burden was upon Butler Hospital to present testimony or evidence to prove that this hospital bill was somehow improper. Butler Hospital presented no testimony or evidence in this case. Some final conclusion must be made in cases of this sort and, therefore, although we are not pleased with the content of this record, we hold that neither the referee nor the Board committed an error of law in accepting the subject bill as being related to the compensable injury.

There is one odd twist to this matter which we must mention. Kearns paid none of these medical bills. She was a patient of her employer, the Butler Hospital, and apparently Butler Hospital received payment from Blue Cross and Blue Shield under a contract covering Butler Hospital's employes. While from a common sense point of view, it might appear to be improper for the Board to order Butler Hospital to pay to itself the amount of its hospital bills, as we read the Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., the judgment based on the award should include these hospital bills.[2]

---

2. Under section 306 (e) of the Act, *as amended,* 77 P.S. §531 (Supp. 1974-1975), hospital expenses related to a compensable

In summary, we hold that there is substantial evidence in the record to support the findings and conclusions of both the referee and the Board, and that no error of law was committed. Therefore, we

## ORDER

AND NOW, this 7th day of March, 1975, it is hereby ordered that the Butler County Memorial Hospital, and/or its insurance carrier, Pennsylvania Manufacturers Association Insurance Company, pay to Madeline F. Kearns compensation at the rate of $68.00 per week beginning April 18, 1973, and continuing into the future, all within the limits of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.; and, it is further ordered that the Butler County Memorial Hospital, and/or its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company, pay the following medical bills incurred by Madeline F. Kearns:

| | |
|---|---:|
| Butler County Memorial Hospital | $ 14.25 |
| (Admission 4/9/73 - Discharge 4/10/73) | |
| Dr. Malcolm Cottington | 251.00 |
| Butler County Memorial Hospital | 2,582.35 |
| (Admission 4/18/73 - Discharge 5/15/73) | |
| Total | $2,847.60 |

It is further ordered that interest at the rate of ten per cent (10%) per annum is assessed on all deferred payments of compensation.

---

injury are a proper item of compensation. Section 427 of the Act, *as amended*, 77 P.S. §878 (Supp. 1974-1975) provides:

"If the Commonwealth Court shall affirm an award or order of the board or of a referee sustained by the board, fixing the compensation payable under this act, *the court shall enter judgment for the total amount stated by the award or order to be payable,* whether then due and accrued or payable in future installments." (Emphasis added.)

*See Staneco Corporation v. Davis,* 9 Pa. Commonwealth Ct. 84, 305 A.2d 62 (1973).