Harry K. Mobley, Jr., Petitioner v. Workmen's Compensation Appeal Board (Handy and Harman Tube Co., Inc.), Respondents.

Submitted on briefs June 8, 1983, to Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

William F. Livingston, Rosenstein & Homano, for petitioner.

Martin J. Fallon, Jr., Swartz, Campbell & Detweiler, for respondents.

OPINION BY JUDGE DOYLE, December 16, 1983:

This is an appeal of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a referee to modify benefits to Harry K. Mobley (Claimant). We affirm.

Claimant was employed by Handy & Harman Tube Company (Employer) and suffered an injury to his back on April 28, 1978 while performing his duties as a draw bench operator. He continued working until July 17, 1978. Pursuant to a notice of compensation payable dated October 13, 1978, Claimant received compensation for total disability from July 19, 1978. On December 18, 1978, at the request of the Employer's carrier, Claimant returned to work performing light duties. He continued to perform light duties when, on January 2, 1979, after two hours of work, the Employer instructed him to return to his regular duties as a draw bench operator. Claimant, because of residuals of his injury, was unable to perform his pre-injury job, and from January 2, 1979, to the present, Claimant has not worked at all.

On December 18, 1978, Employer filed a Petition for Termination or Modification of Agreement. Following several hearings, the referee, on June 10, 1980, determined that Claimant was capable of performing light and sedentary work from December 19, 1978, but that such work was made unavailable to him by the Employer when he was ordered back to his old job on January 2, 1979. The referee went on to find that light and sedentary work again became available to the Claimant, within his educational, vocational and physical limitations on December 7, 1979. Claimant's benefits were modified accordingly. On appeal, the Board affirmed and petition for review by this Court followed. Before this Court, Claimant argues

that the referee's findings are not supported by substantial evidence.[1]

Before the referee, a physician called as a witness for the employer testified that he had examined the Claimant and found no physiological indication that Claimant suffered any residual effects from his April, 1978 injury. He opined that the Claimant was able to return to duties performed prior to the injury. Testimony by Claimant's treating physician offered the professional opinion that Claimant continued to experience pain and restricted movement even when performing light and sedentary work such as he had from December 18, 1978, to January 2, 1979, and was therefore totally disabled. We have, then, a situation where the employer's doctor has opined that the Claimant has fully recovered, the Claimant's doctor offering his opinion that the Claimant was still totally disabled, and the referee finding that the Claimant had a permanent partial disability. May the referee make such a finding when neither doctor has so testified? Questions of credibility and the resolution of conflicts in the evidence are the province of the referee when, as here, the Board takes no additional evidence. *Crouse v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981).

---

[1] In a petition to terminate or modify compensation, the employer, as the moving party, bears the burden to establish that a claimant's disability has ceased or been reduced. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations),* 70 Pa. Commonwealth Ct. 542, 453 A.2d 710 (1982). Where the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law committed or whether the referee's findings of fact are supported by substantial evidence. *Huff v. Workmen's Compensation Appeal Board (Ingalls Steel of Pennsylvania),* 70 Pa. Commonwealth Ct. 646, 453 A.2d 753 (1982).

The referee's findings will not be disturbed when supported by substantial evidence. *Id.* Implicit in the testimony of the employer's doctor that the Claimant was totally recovered, must have been the subsumed fact that the Claimant was also partially recovered. The referee was free to credit the testimony of each physician in part, *see Sears Roebuck & Co. v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 161, 409 A.2d 486 (1979); *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977), and conclude that, although the Employer had failed to prove that the Claimant was totally recovered, the evidence showed that Claimant was capable of light and sedentary work and remained only partially disabled. The referee's finding of partial disability is thus supported by substantial evidence.

Also before the referee was the deposition testimony of Doctor Philip Spergel, Director of Psychological Service at Moss Rehabilitation Hospital. Dr. Spergel testified that he is directly involved in the placement of patients at Moss back into the labor market. He testified further that light and sedentary work was available in Claimant's local labor market and identified specific employers who had such work available. When a claimant is unable to return to his former occupation, the employer bears the burden to show the availability of work which the claimant is capable of performing. *Workmen's Compensation Appeal Board v. Pennsylvania School Board's Association,* 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977). Coupled with the medical evidence relied on by the referee to support his finding that Claimant was capable of performing light and sedentary work, Dr. Spergel's testimony of specific instances of avail-

able light and sedentary work in Claimant's labor market supports the referee's finding that the employer had discharged his burden to establish the availability of work which the Claimant could perform.

ORDER

Now, December 16, 1983, the order of the Workmen's Compensation Appeal Board in the above referenced matter, No. A-79418, dated October 29, 1981, is hereby affirmed.