516 A.2d 1335

The Kroger Company and the Insurance Company of North America, Petitioners *v.* Workmen's Compensation Appeal Board (Nicola), (Fireman's Fund Insurance Company), Respondents.

Submitted on briefs October 6, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*James R. Schmitt, Will, Keisling, Ganassi & Mc-Closkey,* for petitioners.

*Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for respondent, Fireman's Fund Insurance Company.

OPINION BY JUDGE DOYLE, November 3, 1986:

The Insurance Company of North America (INA) petitions for review of an order of the Workmen's Compensation Appeal Board affirming a referee's determination that INA, as the workmen's compensation insurer of the Kroger Company (Employer) in 1978, is responsible for compensating a Kroger employee for a claim filed in 1981, rather than the Fireman's Fund Insurance Company (Fireman's Fund), Employer's insurer during 1981. We modify and affirm.

Essentially, this is a contest between two insurers. A full review of the facts, however, is necessary to understand the dispute. Philomena C. Nicola (Claimant) originally suffered a work-related back injury on May 10, 1978. She was paid workmen's compensation benefits by INA for her injury and returned to work on January 5, 1981 at her usual wage. Three days later, Claimant fell and broke her arm in a non-work-related accident. She returned to work again on April 13, 1981, but a few days after that, on April 15, 1981, Claimant fell at work and sustained a sprained wrist and twisted back.

On December 4, 1981, Claimant filed a claim petition for workmen's compensation benefits, alleging that her April 15, 1981 injury was a new injury in the form of an aggravation of her former work-related injury. Claimant later amended her petition to allege, alternatively, that her April 15, 1981 injury was a recurrence of the old injury. Claimant joined both Fireman's Fund and INA in her action, and INA on March 10, 1982, filed a petition to suspend her compensation based on Claimant's return to work on January 5, 1981.[1]

_____

[1] It is unclear in the record presented on appeal why INA sought to *suspend* Claimant's benefits from January 5, 1981, since

The various petitions were combined for several hearings before a referee. The referee determined, based on the deposition testimony of Dr. Stidard, Claimant's chiropractor, and Dr. Minde that the April 15, 1981 incident resulted in a continuance of her May 1978 injury rather than a new injury. Accordingly, the referee ordered INA, Employer's insurer in 1978, to pay compensation to Claimant from April 15, 1981 to April 12, 1982.[2] In addition, the referee ordered INA to pay Claimant's medical expenses and legal fees. On appeal to the Board, the referee's decision was affirmed.

INA raises several issues in its petition to this Court which we shall address *seriatim*. Initially, INA contends that the referee's determination that Claimant sustained a continuation of her original injury, resulting in INA being the responsible insurer, rather than a new injury, was not supported by substantial evidence.[3] The referee explicitly based his conclusion on the deposition testimony of Dr. Minde and Dr. Stidard. Dr. Minde gave

---

Claimant was not receiving benefits at the time the petition to suspend was filed, nor did the referee subsequently award benefits to the Claimant from January 5, 1981. The referee's order, affirmed by the Board, awarded benefits "from April 15, 1981 up to and including April 12, 1982 when payments of all compensation shall be suspended." It further appears that Claimant never claimed benefits from January 5, 1981 to April 14, 1981, a period of time when she was disabled due to a non-work-related broken arm.

[2] The referee suspended payments of compensation to Claimant as of April 12, 1982 upon proof that, on this date, Claimant was released to work within physical limitations prescribed by her doctor and Employer offered such work to her. Claimant does not appeal the suspension to this Court.

[3] In cases where, as here, the party with the burden of proof prevailed before the referee, this Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Weaver v. Workmen's Compensation Appeal Board (Pennsylvania Power Co.)*, 87 Pa. Commonwealth Ct. 428, 487 A.2d 116 (1985).

an unequivocal opinion that Claimant had a chronic recurring back problem and that all of her back problems stemmed from her 1978 injury. INA asserts that Dr. Minde's testimony is hearsay and incapable of supporting the referee's finding since it was based not on a physical examination of Claimant, but on a review of a transcript of admissible hearing testimony of Claimant, admissible deposition testimony of Dr. Stidard, and the admissible deposition testimony of another physician, Dr. Rosen. We disagree. An expert's medical opinion as to causation may be based upon facts gleaned by reading the record testimony rather than upon an actual physical examination of a claimant. *Henderson v. Workmen's Compensation Appeal Board (County of Allegheny)*, 78 Pa. Commonwealth Ct. 243, 467 A.2d 410 (1983). Failure to conduct a physical examination does not go to a medical witness' competency; rather, it goes to his credibility. *See Brodbeck v. Workmen's Compensation Appeal Board*, 76 Pa. Commonwealth Ct. 372, 463 A.2d 1280 (1983). Furthermore, it is axiomatic that credibility determinations are the exclusive province of the referee. *Mobley v. Workmen's Compensation Appeal Board (Handy and Harman Tube Co., Inc.)*, 79 Pa. Commonwealth Ct. 154, 468 A.2d 897 (1983). Therefore, since the referee in this case found Dr. Minde's testimony to be credible, we hold that this constituted substantial evidence to support the referee's determination that Claimant suffered a continuation of her original injury.

Accordingly, we find it unnecessary to discuss INA's next contention at length. In sum, INA asserts that because Dr. Stidard used the word "aggravation" in referring to Claimant's injury, this testimony cannot support the conclusion that Claimant's 1981 injury was a continuation of her 1978 injury. The referee, however, found that Dr. Stidard used this term loosely throughout his

deposition when, taken in context, the doctor actually meant continuation. Upon a review of the entire medical testimony, we agree with the referee. *See, e.g., Wilkes-Barre, City v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 230, 420 A.2d 795 (1980) (medical witness' entire testimony must be examined so that a decision should not rest upon a few words taken out of context).

INA also asserts that no substantial evidence supports the referee's award to Claimant of certain hospital and medical expenses related to a 1983 back surgery.[4] INA argues that Claimant failed to establish a causal link between her compensable injury and the expenses incurred. The burden of proof is not entirely clear in this instance; however, it is clear that INA bore the burden of presenting at least some evidence of the bills' impropriety. *See Butler County Memorial Hospital v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 573, 333 A.2d 490 (1975). INA here failed to introduce any evidence as to the impropriety of Claimant's medical bills, and thus the award of medical expenses to Claimant will not be disturbed.

Lastly, INA contends that the referee erred in the rate of compensation awarded to Claimant. We agree. The referee clearly found that Claimant's average weekly wage was $271.60 and her compensation rate was $181.08, but in his order mistakenly awarded Claimant the former amount. Accordingly, we will modify the referee's award to reflect Claimant's correct compensation rate of $181.08.

As modified, we affirm.

---

[4] INA contests payment of two bills: one in the amount of $3,432 for a stay at St. Margaret's Hospital from April 5, 1983 to April 13, 1983, and one of $1,690 for the services of a surgeon, Dr. Sheptak.

ORDER

Now, November 3, 1986, the decision of the Workmen's Compensation Appeal Board, No. A-87346, dated December 27, 1984, is modified consistent with the opinion above and, as modified, is affirmed.