530 A.2d 1015

Richard D'Agostino, Petitioner *v.* Workmen's Compensation Appeal Board (Charles Jacquin, et Cie, Inc. and Aetna Life and Casualty Company), Respondents.

Submitted on briefs June 11, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Morris D. Bernstein, Galfand, Berger, Senesky, Lurie & March,* for petitioner.

*Peter J. Weber, Rawle & Henderson,* for respondent.

OPINION BY SENIOR JUDGE NARICK, September 4, 1987:

Richard D'Agostino (Claimant) has appealed from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to grant Charles Jacquin et Cie, Inc.'s (Employer's) petition to terminate benefits paid to Claimant pursuant to the terms of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

Claimant sustained a work-related injury on March 18, 1982 which was diagnosed as cervical strain/chest pain. He received total disability benefits under a Notice of Compensation Payable. On May 2, 1983, Dr. Edgar L. Pennell executed an affidavit of recovery, stating that he had examined Claimant on April 19, 1983, and found him to be fully recovered from the March 18, 1982 injury. Employer then filed a petition to terminate workmen's compensation benefits.

Testimony was taken before Referee Michael J. Stief, and each party submitted medical testimony in the form of a physician's deposition. Upon Referee Stief's retirement, the case was reassigned to Referee George W. Nickel, who decided the case on the record. He granted the petition and was affirmed by the Board, giving rise to the instant appeal.

Claimant's counsel argues that he should have received notice that a second referee, specifically, Referee Nickel, was to decide the case. Had he known of the assignment, he would have requested recusal on the grounds that he and Mr. Nickel had a long-standing relationship as adversaries. However, because this issue was not raised in his appeal to the Board, we decline to consider it. *See e.g., Hugh H. Eby Co. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 135, 407 A.2d 148 (1979). (In his appeal to the Board, Claimant argued that the second referee's findings should not be entitled to deference on appeal. We note that in light of our decision in *Arena v. Workmen's Compensation Appeal Board (Packaging Systems Corp.),* 85 Pa. Commonwealth Ct. 553, 483 A.2d 577 (1984), *rev'd on other grounds,* 510 Pa. 34, 507 A.2d 18 (1986), that argument is without merit).

Claimant raises two other closely related issues: that the Employer did not meet its burden of proof on the termination petition, *see e.g., Mobley v. Workmen's*

*Compensation Appeal Board (Handy and Harman Tube Co.),* 79 Pa. Commonwealth Ct. 154, 468 A.2d 897 (1983), and that the referee disregarded competent evidence which was uncontradicted in granting the petition. Our scope of review, of course, is limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The referee accepted the testimony of Employer's medical expert, Dr. Edgar Pennell, over that of Claimant's treating physician, Dr. Eugene Vogin, expressly stating in his findings that he found Dr. Pennell's testimony to be unequivocal and credible. It is axiomatic that the referee is the ultimate fact-finder, and that it is his province to resolve questions of credibility and conflicts in the evidence. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973); *Mobley.*

Claimant argues that Dr. Pennell, in testifying that all effects of Claimant's injury had terminated as of April 19, 1983, changed his original post-injury diagnosis from cervical strain to thoracic strain. Therefore, the doctor was able to conclude that Claimant, as of the April, 1983 examination, no longer exhibited symptoms of thoracic strain. Claimant relies on *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.),* 502 Pa. 178, 465 A.2d 969 (1983) as support for this argument. In *Beissel,* our Supreme Court held that an employer may not relitigate, by way of a termination petition, that which it has already admitted by filing a Notice of Compensation Payable. Specifically, the employer in *Beissel* was precluded from terminating the

claimant's benefits by presenting evidence that the disability, for which it had accepted responsibility, was not work-related.

Here, the Employer admits that Claimant's original injury was work-related. It seeks to terminate benefits on the basis of Dr. Pennell's testimony that Claimant's present symptomatology is not related to his initial accident. Dr. Pennell examined Claimant on three occasions: the day of the injury, July 9, 1982, and April 19, 1983. He admitted to having difficulty diagnosing Claimant's condition, because his complaints of pain were inconsistent and not supported by the objective tests the doctor performed. During the April 19, 1983 examination, Dr. Pennell determined that there was no nerve involvement, as evidenced by the fact that he could find no muscle atrophy or loss of strength. On that basis, the doctor determined that Claimant was able to return to work, and that any complaints he had were not related to the work incident. We have thoroughly reviewed this physician's testimony, and find it to be ample support for the referee's findings, which we will not disturb.

The second part of Claimant's argument is that the referee ignored his uncontradicted testimony that he continues to experience psychological problems from his injury, and did not consider the question of whether Employer is liable for payment of his psychological treatment. Employer argues that Claimant never raised this issue in the original pleadings. However, in his answer to the Termination Petition, Claimant alleged that Employer "illegally ceased payment of medical expenses." At the first hearing before Referee Stief, on August 26, 1983, the following colloquy took place:

MR. BRIGHAM [Claimant's counsel]: Your Honor, concurrent with the petition to terminate, we had filed a request for a ruling on or-

dering the Defendant to pay for the treatment provided by Dr. Dunin [Claimant's psychologist].

That was mentioned at the pretrial and raised in the initial pleadings, I believe, and by agreement of counsel, has been incorporated into this issue in this case.

THE REFEREE: Fine.

* * *

THE REFEREE: I assume that when you talk about the pleadings of the payment of psychiatric expenses, it's included under No. 2 where you just say generally plead that they illegally ceased payment of medical expenses.

MR. BRIGHAM: Right.

Employer's counsel did not object, and questioned Claimant at length regarding his psychological problems. Employer now argues that the only proof of any psychological disability was Claimant's own testimony and that of his physician, who indicated that he referred Claimant to a psychologist. However, as noted above, the burden of proof in a termination proceeding is on Employer. *Mobley*. We have consistently held that

> [t]he party seeking termination of workmen's compensation benefits has the burden of proving that all disability related to a compensable injury has ceased and that, if claimant is currently disabled, the petitioner must show a lack of causal connection between that disability and the compensable injury. We have never held that in termination proceedings the burden shifts at anytime [sic] to the claimant to prove the existence of a causal connection between his disability and his injury.

*McGinley v. Workmen's Compensation Appeal Board (Acme Markets, Inc.),* 77 Pa. Commonwealth Ct. 214,

216-217, 465 A.2d 147, 148-149 (1983) (emphasis deleted) (citations omitted). *See also Gallo v. Workmen's Compensation Appeal Board (United Parcel Service),* 95 Pa. Commonwealth Ct. 158, 504 A.2d 985 (1986).

The referee failed to make any findings on the issue of the existence or extent of Claimant's psychological disability. As this determination is one for the fact-finder, *see George v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 23, 437 A.2d 521 (1981), we are constrained to remand for findings on this issue.

### ORDER

AND NOW, this 4th day of September, 1987, the above-captioned matter is remanded for findings consistent with the foregoing opinion. Jurisdiction relinquished.