240

569 A.2d 1049

**Vicky L. SMITH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(DONEGAL INDUSTRIES, INC.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 22, 1989.

Decided Feb. 14, 1990.

James A. Diamond, Handler, Gerber, Johnston & Aronson, Camp Hill, for petitioner.

W. Jeffrey Sidebottom, Barley, Snyder, Cooper & Barber, Lancaster, for respondent, Donegal Industries, Inc.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

BARRY, Judge.

Petitioner, Vicky Smith, submitted a claim petition for approximately six weeks of workmen's compensation benefits, alleging that her work for Donegal Industries, Inc., respondent, caused carpal tunnel syndrome in her right hand. Petitioner underwent surgery for her condition during the six week period. Both sides submitted medical reports and a referee decided in favor of respondent. The Workmen's Compensation Appeal Board affirmed and this appeal followed.

Petitioner first argues that the Board erred in affirming because the referee based his decision in part on a videotape which was not made a part of the record. The videotape showed persons *other than petitioner* working at respondent's plant in an attempt to show the type of work which petitioner performed. When the tape was shown at a hearing before the referee, counsel for petitioner objected to its "utilization, introduction, use or reference". The referee overruled the objection but the transcript of the hearing does not contain any indication that respondent formally offered the tape into evidence and the tape is not part of the record. Petitioner is not arguing that the videotape should have been admitted but instead that it was error for the referee to rely on non-record evidence in his

decision and for the Board to affirm when it did not have all of the evidence relied on before it.

Petitioner first cites a line of cases stating that the Board cannot properly conduct appellate review without the benefit of all of the relevant transcripts from the proceedings before the referee. *Crown Cork and Seal Corp. v. Workmen's Compensation Appeal Board (Savini)*, 117 Pa.Commonwealth Ct. 242, 543 A.2d 603 (1988); *Workmen's Compensation Appeal Board v. United Parcel Service*, 21 Pa.Commonwealth Ct. 502, 346 A.2d 852 (1975); *Del Penn Steel Corp. v. Abrams*, 8 Pa.Commonwealth Ct. 226, 302 A.2d 875 (1973). Next petitioner cites case law which says that the Board errs when it does not view surveillance films which are part of the record. *John Curry, Inc. v. Workmen's Compensation Appeal Board (Adams)*, 97 Pa.Commonwealth Ct. 127, 508 A.2d 1317 (1986); *John B. Kelly Co., Inc. v. Davis*, 8 Pa.Commonwealth Ct. 589, 303 A.2d 255 (1973).

Although the case law cited shows the importance of a complete record for proper appellate review, we are persuaded by respondent's argument that review of this particular videotape was no different than the referee seeing the job site himself, an action approved of by this Court. *Cooper v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 488, 411 A.2d 859 (1980). Such a review is of course not includable in the record because it is not evidence fixed in a tangible medium (to borrow a phrase from copyright law). Here respondent has merely fixed the evidence in a tangible medium and brought it to the referee. Since we would not have found error if the referee had visited the job site, we will not find error where the referee views a videotape of the job site and the tape is ultimately not included in the record. Our decision would not be the same if the videotape was a surveillance film of petitioner performing activities inconsistent with her alleged injuries. There the evidence relates directly to the claimant's condition and is so crucial to the decision that it must be included

in the record for the Board to properly perform its appellate function.

Petitioner next challenges the competency of respondent's medical report as being based on improper foundation and speculation. Petitioner argues that the report of Dr. Ellison cannot be competent because it is not based on a physical examination of petitioner or on a consideration of facts established in the record. It is true that Dr. Ellison did not conduct a physical examination, but failure to do so goes to the credibility of his report rather than its competency. *Kroger Company v. Workmen's Compensation Appeal Board (Nicola)*, 101 Pa.Commonwealth Ct. 629, 516 A.2d 1335 (1986). Credibility determinations are the exclusive province of the referee. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Hasiey)*, 91 Pa.Commonwealth Ct. 55, 496 A.2d 895 (1985). As to the facts on which Dr. Ellison based his decision, our review of his report indicates that all of the facts on which he relied, i.e. the nature of petitioner's condition, the length of time she had worked for respondent, and the nature of the work she did, were all facts of record. We therefore hold that the medical report was competent evidence.

While we might reach a different result were we to weigh the evidence ourselves, that role is for the referee as factfinder. We will affirm the decision of the Board.

## ORDER

NOW, February 14, 1990, the order of the Workmen's Compensation Appeal Board, dated November 25, 1988, at Docket No. A–94125, is affirmed.