**Madonna TATANO and Doyle L. Tarwater, M.D., Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (COPYWORLD OF PITTSBURGH), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 2, 1997.

Decided July 1, 1997.

Thomas J. Graham, Washington, for petitioners.

Michael A. Cohen, Pittsburgh, for respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Madonna Tatano (Claimant) and Doyle L. Tarwater, M.D., (together, Petitioners) appeal from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a Workers' Compensation Judge (WCJ) to dismiss Dr. Tarwater's petition for review of a utilization review determination based on the conclusion that Dr. Tarwater's medical treatment of Claimant was not reasonable or necessary as of August 31, 1993.

Claimant was injured on August 30, 1991 when she fell down a flight of steps during the course of her employment with Copyworld of Pittsburgh (Employer). Pursuant to a Notice of Compensation Payable issued on September 25, 1991, Claimant received weekly indemnity benefits for the back pain, dizziness and headaches which resulted from her work injury. The WCAB, by order dated March 1, 1994, commuted Claimant's indemnity benefits to a lump sum of $45,000.00.

Following treatment with another doctor for her work-related injuries, Claimant treated with Dr. Tarwater from September 2, 1992 through April 19, 1994. On November 30, 1993, Employer filed an Initial Request for Utilization Review, alleging that the continued care and treatment which Dr. Tarwater provided to Claimant was no longer rea-

sonable or necessary as of August 31, 1993.[1] Kenneth W. Gentilezza, M.D., rendered the initial utilization review determination and found that therapy continued after October 27, 1993 was not reasonable or necessary. Dr. Tarwater filed a Utilization Review Reconsideration Request from that adverse determination; however, in the reconsideration determination rendered on August 1, 1994, Michael J. Yao, M.D., concluded that Dr. Tarwater's treatment of Claimant was no longer reasonable or necessary effective September 1, 1993. Dr. Tarwater then filed a petition for review from the reconsideration determination pursuant to section 306(f.1)(6)(iv) of Act 44, 77 P.S. § 531(6)(iv), and a *de novo* hearing was held before a WCJ.[2] *See* 34 Pa.Code § 127.556.

The WCJ was presented with the deposition testimony of Dr. Tarwater, Claimant and Dr. Yao. Dr. Tarwater testified that he initially evaluated Claimant on September 2, 1992, and, after obtaining a history of her work injury and prior treatment, conducted his own physical examination. Based on that examination, he diagnosed Claimant as suffering from chronic cervical and lumbar sprain and lumbar disc disease. Dr. Tarwater indicated that for Claimant's complaints of constant headaches, neck pain and lower back pain, he began a course of treatment, given approximately two to three times a week, that consisted of moist heat, ultrasound, TENS (transcutaneous electrical nerve stimulation) and massage. (R.R. at 6a–10a.) According to Dr. Tarwater, this treatment program was successful in that Claimant's complaints were greatly diminished as of her last visit on April 19, 1994, at which point she reported feeling "pretty good." (R.R. at 10a, 11a, 25a.) However, in a report written on February 16, 1994, at the time he last examined Claimant, Dr. Tarwater noted that Claimant "remained symptomatic and impaired from performing any physical labor involving lifting over ten pounds, carrying, bending, stooping or repetitive pushing or pulling with the arms and legs. Her prognosis was fair." (R.R. at 25a–26a.) Finally, Dr. Tarwater opined that the treatment he provided to Claimant between September 2, 1992 and April 19, 1994 was reasonable and necessary as a result of Claimant's August 30, 1991 work injury.

In her testimony, Claimant stated that she believed she had benefitted from Dr. Tarwater's treatment; she indicated that, while her headaches continued, the pain in her neck and shoulder lessened considerably, and her back pain went from severe to moderate. (R.R. at 85a, 88a, 89a.) However, Claimant testified that she did not work during the course of her treatment and, in fact, did not feel that she was capable of returning to work during that period. Claimant also conceded that, as of February 1994 when Dr. Tarwater last examined her, he imposed significant physical restrictions on her which were commensurate with her physical condition at the time. (R.R. at 90a–92a.) Indeed, Claimant acknowledged that she still had not returned to work, although she noted that she felt she would be prepared to go into some type of work soon. (R.R. at 88a–89a.)

Dr. Yao, a board-certified family practitioner, testified that he had based his utilization review of Dr. Tarwater's treatment of Claimant solely upon Dr. Tarwater's medical records concerning that care; Dr. Yao admit-

---

1. Employer's request for utilization review was filed pursuant to the 1993 amendments to the Workers' Compensation Act, commonly known as Act 44, Act of June 2, 1915, P.L. 736, 306(f.1), *as amended* by the Act of July 2, 1993, P.L. 190, 77 P.S. § 531(6). Because it is procedural in nature, Act 44 applies to medical bills incurred after August 31, 1993, even though the work injury may have occurred before that date. *Florence Mining Co. v. Workmen's Compensation Appeal Board (McGinnis)*, 691 A.2d 984 (Pa. Cmwlth.1997). Section 306(f.1)(6)(i) of Act 44 provides:

    (i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act....

    77 P.S. § 531(6)(i).

2. By further amendment of Act 44, the request for reconsideration by the utilization review organization has been eliminated, and appeals from the initial utilization review determination are now taken directly to the WCJ. *Florence Mining.*

ted that he never actually examined or spoke to Claimant herself.[3] (*See* R.R. at 66a–72a.) Dr. Yao's impression was that Claimant suffered from chronic pain syndrome involving the neck and low back, and he opined that there was no significant evidence of improvement in Claimant's condition during the period of treatment with Dr. Tarwater. (R.R. at 62a–64a.) Dr. Yao noted that Dr. Tarwater's course of treatment predominantly consisted of passive physical therapy modalities, (R.R. at 61a–62a), and explained that, for individuals with soft tissue injuries to the cervical and/or lumbar spine, like Claimant, such passive modalities are helpful for the first three to six months following injury. In fact, Dr. Yao cited the North American Spine Society guidelines, which generally suggest that such treatment be discontinued three months post-injury. (R.R. at 64a–65a.) In this regard, Dr. Yao noted that Dr. Tarwater did not even begin his treatment of Claimant until approximately one year following her work injury; thus, Dr. Yao felt that, by September 1, 1993, treatment consisting of passive physical therapy modalities for Claimant's condition was no longer reasonable or necessary.

■ Based on this evidence, the WCJ concluded that continued treatment provided to Claimant by Dr. Tarwater was no longer reasonable or necessary as of August 31, 1993, and he denied and dismissed Dr. Tarwater's petition for review of the reconsideration determination. In making this decision, the WCJ found:

13. Your Workers' Compensation Judge accepts as credible and accepts as fact the testimony of defendant-employer's expert, Dr. Michael Yao. In accepting the opinions of Dr. Michael Yao, the testimony of Dr. Tarwater is rejected and found not to be credible. This determination is based upon the following considerations:

a. Dr. Tarwater agreed that the claimant visited his office at least one hundred and eighty times between September 2, 1992 and April 19, 1994. Despite this fact, the doctor agreed that at the time of his last examination of the claimant in 1994 she was still symptomatic and incapable of working in any capacity which would require lifting over ten pounds.

b. Your Workers' Compensation Judge accepts the opinions of Dr. Yao that continued passive modalities such as were provided by Dr. Tarwater are only beneficial for the period of three to six months immediately following the injury. It is noted that Dr. Tarwater agreed that the claimant did suffer from a soft tissue type injury and thus, it is found as fact that the doctor's continued use of passive modalities subsequent to September 1, 1993, would not be considered reasonable or necessary.

(WCJ's Finding of Fact, No. 13.) The WCJ also found that Claimant's testimony did not support the reasonableness or necessity of Dr. Tarwater's treatment; rather, it helped establish that Claimant did not exhibit any functional improvement in her condition throughout the period of her treatment with Dr. Tarwater. (WCJ's Finding of Fact, No. 15.) The WCAB affirmed, and Petitioners now appeal to this court.[4]

Petitioners first argue that the WCJ and WCAB erred in determining that Claimant did not demonstrate any functional improvement as a result of her treatment with Dr. Tarwater. Indeed, according to Petitioners, such functional improvement was established both as a matter of fact and as a matter of law.

■ To support the contention that Claimant's condition improved as a matter of fact, Petitioners point out that Dr. Tarwater testified with regard to the improvement exhibit-

---

**3.** Dr. Yao indicated that review based solely on the medical records was part of the peer and utilization review system, but conceded that the process was limited by the physician's lack of opportunity to actually see and examine the patient. (R.R. at 72a.)

**4.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314 (Pa.Cmwlth.1996).

ed by Claimant during his care. Dr. Tarwater indicated that, by the end of Claimant's treatment, she had advanced from being able to perform only limited sedentary work to having the capacity to do light-duty work. Petitioners additionally note that Claimant herself corroborated this testimony by stating that, as a result of her improved condition, she would soon be able to return to the work force. We cannot accept Petitioners' argument.

Initially, we cannot escape the obvious fact that the WCJ did not credit Dr. Tarwater's testimony. Further, we note that, although Dr. Tarwater states that Claimant could function in a light-duty capacity after completing her course of treatment, this does not appear to be the case. In light of the extensive restrictions imposed on Claimant at that time, it seems that Dr. Tarwater actually was relegating her to do sedentary work. (See R.R. at 25a–26a.)

Even more telling is the fact that Claimant herself did not feel capable of working, and did not work, either while in treatment or at any time thereafter. Further, we are not swayed by Claimant's testimony that she envisioned herself soon returning to the work force. Claimant made this statement on July 14, 1995, over a year after concluding her treatment with Dr. Tarwater. Thus, if Claimant's statement about returning to work indicates anything, it shows that the year without medical treatment benefitted her at least as much, if not more, than the time spent under Dr. Tarwater's care, and, therefore, supports the fact that this medical treatment was not reasonable or necessary.

■ However, Petitioners also argue that, as a matter of law, Claimant's benefit status changed from total to partial disability on March 1, 1994, when the commutation of benefits occurred. Petitioners reason that, in effecting a commutation, the parties agreed that Claimant's disability status improved from total to partial, and that she now had earnings capacity based on the improvement. Petitioners maintain that, because the WCJ failed to consider the effect of the commutation with respect to the issue of functional improvement, he committed reversible error. Again, we disagree.

We note that Petitioners do not cite any authority for their position; this is understandable since the argument is a novel one. However, while interesting, the argument cannot succeed. Even if the commutation indicates that Claimant's condition has changed from a temporary total to a permanent partial one, it does not attribute this change in status to any medical treatment. Thus, there is no reason why the commutation should impact on a utilization review proceeding, which is strictly limited to an evaluation of the medical treatment under review. *See* 34 Pa.Code § 127.406; *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314 (Pa.Cmwlth.1996).

Petitioners also contend that the WCAB erred in affirming the decision of the WCJ who improperly placed the burden of proof on Petitioners rather than on Employer in this *de novo* proceeding. However, we see no indication that the WCJ misapplied that burden. Although the WCJ never specifically states that the burden rests on Employer to establish that the medical treatment was not reasonable or necessary, he also never suggests that Dr. Tarwater or Claimant bears the burden of proving that Claimant's treatment was reasonable or necessary. In fact, the WCJ bases his decision on the testimony of Employer's expert witness and expressly concludes that Dr. Yao's testimony establishes that Dr. Tarwater's continued treatment was not reasonable or necessary after September 1, 1993.

■ Finally, Petitioners maintain that the WCAB erred in affirming the decision of the WCJ which was based on the opinion of a non-examining physician. Essentially, Petitioners argue that the WCJ should not have credited Dr. Yao's opinion over that of Dr. Tarwater because Dr. Yao never examined Claimant. This argument also is without merit.

■ Dr. Yao did admit that an examination of Claimant may have been beneficial; however, this statement is not fatal to his testimony. Failure to conduct a physical examination does not go to a medical witness' competency; rather, it goes to his credibility.

*Kroger Co. v. Workmen's Compensation Appeal Board (Nicola),* 516 A.2d 1335 (Pa. Cmwlth.1986). It is clear that, as sole fact finder in workers' compensation proceedings, the WCJ may accept or reject the testimony of any witness in whole or in part, including medical witnesses. *Id.* Thus, there exists no basis for Petitioners' contention that the WCJ is precluded from accepting Dr. Yao's testimony as credible; on the contrary, the WCJ remains free to accept Dr. Yao's expert opinion. This is particularly true in a case involving a utilization review question because the utilization review procedure specifically calls for an evaluation of the reasonableness and necessity of medical treatment to be based on medical records alone.[5]

In sum, this case really involves nothing more than an issue of credibility. Here, the WCJ accepted the testimony of Dr. Yao and, based on that credible testimony, found that Claimant's continuing treatment by Dr. Tarwater was not reasonable or necessary as of August 31, 1993. Because Dr. Yao's testimony provides substantial support for this finding, we must affirm.

## ORDER

AND NOW, this 1st day of July, 1997, the order of the Workers' Compensation Appeal Board, dated June 21, 1996, is hereby affirmed.

SMITH, J., concurs in the result only.

---

**5.** The medical cost containment regulations dealing with utilization review provide that, in order to determine the reasonableness or necessity of the treatment under review, utilization review organizations shall obtain for review all available *records* of all treatment rendered by all providers to the employee for the work-related injury. 34 Pa.Code § 127.407(a).