Paul Allen Weaver, Petitioner *v.* Workmen's Compensation Appeal Board (Pennsylvania Power Co.), Respondents.

Submitted on briefs November 15, 1984, to Judges WILLIAMS, JR. and DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*John George Shorall, II, Shorall and Shorall,* for petitioner.

*Harry A. Flannery,* for respondent, Pennsylvania Power Company.

Opinion by Judge Doyle, February 7, 1985:

On January 29, 1982, a referee awarded disability benefits to Paul A. Weaver (Claimant) for the loss of use of his left eye pursuant to Section 306(c) of The Pennsylvania Workmen's Compensation Act.[1] On August 4, 1983, the Workmen's Compensation Appeal Board (Board) reversed this determination, concluding that Claimant had failed to establish a causal connection between his disability and his work-related injury.

Claimant was employed by the Pennsylvania Power Company in Shippingport, Pennsylvania (Employer) as a mechanical maintenance repairman. On October 9, 1978, Claimant was welding iron onto a grating when he struck an arc with his welding rod causing an intense light flash a few inches in front of his left eye. Claimant testified before the referee that at the time of the flash he experienced a severe pain which began in his left eye and extended across his forehead, down the right side of his head and into his neck. The following day, he went to see an optometrist, Dr. Bartolovich, who found nothing wrong.[2] Over the next few days, however, Claimant experienced blurred vision. Dr. Bartolovich then referred him to Dr. Sorr, an ophthalmologist. Dr. Sorr examined Claimant seven days after the accident and

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(7).

[2] No specific findings of fact concerning Claimant's course of treatment following his accident were made by either the referee or the Board. The testimony of all the witnesses however, consistently establishes that Claimant suffered deteriorating vision in his left eye for some time following the incident. Dr. Bartolovich was not a witness in this proceeding.

found that the vision in his left eye, which formerly had been 20/20 with corrective lenses, had deteriorated to approximately 20/100. Further examinations, including laboratory tests, revealed the presence of an idiopathic subretinal lesion in Claimant's left eye. The visual acuity in this eye continued to decline for several months, eventually stabilizing at a point somewhere below 20/200, or within the definition of legal blindness.

The referee found as a fact that Claimant had suffered an occupational injury on October 9, 1978, which resulted in his partial blindness. Claimant argues that this finding was correctly based on his *own* testimony and therefore must not be overturned simply because evidence to the contrary was also introduced.

In a workmen's compensation case, where no additional testimony is taken by the Board, questions of credibility are indeed the sole province of the referee. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Where the party with the burden of proof has prevailed before the referee, this Court's scope of review is limited to a determination of whether an error of law has been committed or whether any necessary findings of fact are not supported by substantial evidence. *JAB Enterprises, Inc. v. Workmen's Compensation Appeal Board (Haehn),* 79 Pa. Commonwealth Ct. 638, 470 A.2d 210 (1984).

But, the well-established rule underpinning this standard of review is that unless there is an obvious causal connection between an injury and a disability, the connection must be proved by unequivocal medical evidence. *Burton v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 476, 431 A.2d 1164 (1981).

In this case depositions were taken of three ophthalmologists. Two of them, Dr. Sorr and Dr. Patel, testified unequivocally that in their opinion the welder's flash was *not* the cause of Claimant's disability. The third physician, Dr. Havener, at no time made any statement more compelling than that the scar he observed in Claimant's eye approximately four months after the accident was "consistent with" a burn from a welder's arc, and even this observation was neutralized by his other testimony, which included the statement, "I do not know what caused the scar." Furthermore, in a letter of record written several months after his deposition, Dr. Havener indicated to Employer's attorney that, in light of the results of a flourescein angiogram since received from Dr. Sorr, "there is a very high probability if not almost a certainty, that [a flash arc] would not have caused the scar in Mr. Weaver's eye." This testimony is by no means "unequivocal."

Claimant next asserts that medical testimony was unnecessary because the causal link was obvious. He relies primarily on the case of *Montgomery Mills Co. v. Workmen's Compensation Appeal Board,* 26 Pa. Commonwealth Ct. 471, 364 A.2d 508 (1976). In *Montgomery Mills* the claimant fell on his back and immediately began to experience pain in his back, which within a few days caused him to seek medical attention. He was then diagnosed as suffering from a back injury, and the connection to his fall was found to be obvious. Claimant's case is distinguishable as involving a disability with an indirect cause, rather than an injury resulting from a direct impact or strain applied to a specific part of the body. We believe that the rationale of cases like *Montgomery Mills* must be carefully applied so as to extend only to situations where the existence of a causal connection

would be readily discernible to a layman. Lay testimony is probative on the issue of physical injury and the cause of that injury only if the cause and effect are so immediate, direct and natural to common experience as to obviate any need for an expert medical opinion. *Davis v. Davis*, 80 Pa. Superior Ct. 343, 345-346 (1923). *See Kistler v. Hempt Brothers, Inc.*, 54 Pa. Commonwealth Ct. 334, 421 A.2d 500 (1980), where a blow to the claimant's head received while driving a truck was not so directly and obviously the cause of a detached retina in his eye as to obviate the need for medical testimony.

For these reasons we conclude that the referee's finding of fact regarding a causal connection between Claimant's disability and his work-related injury is not supported by substantial evidence in the record. The decision of the Board is therefore affirmed.

ORDER

Now, February 7, 1985, the order of the Workmen's Compensation Board of Appeal, No. A-83111, dated August 4, 1983, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.