Hillsborough-northern judicial district
No. 2001-629

LOUISE REED

v.

COUNTY OF HILLSBOROUGH

Argued: October 9, 2002
Opinion Issued: December 2, 2002

*Mark H. Campbell*, of Manchester, by brief and orally, for the plaintiff.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*John A. Curran* on the brief and orally), for the defendant.

DALIANIS, J. The plaintiff, Louise Reed, appeals an order of the Superior Court (*Brennan*, J.) dismissing her personal injury action against the defendant, County of Hillsborough. We reverse in part and remand.

The plaintiff, a seventy-three-year-old woman, tripped on a sidewalk and fell while entering the Hillsborough County Superior Courthouse in Manchester on April 14, 1997. She filed a writ of summons in April 2000, alleging that the County negligently failed to maintain the sidewalk in a safe condition by allowing the existence of a "lip" between the sections of concrete, thereby creating an uneven surface. She alleged that as a result, she suffered "severe and permanent injuries, including head and nose injuries, knee injuries, medical expenses, and pain and suffering[.]"

Prior to trial, the plaintiff indicated that she did not intend to introduce any expert testimony. The County moved to dismiss, arguing that she could not prove causation and damages without expert testimony. The trial court dismissed the plaintiff's suit, stating:

The plaintiff in this case alleges that she suffered severe and permanent injuries, including head and nose injuries, medical

expenses, and pain and suffering. The alleged injuries involve substantially more than the immediate cost of first aid following her fall. A medical expert is necessary for the jury to make a reasonable decision concerning causation. For instance, the plaintiff may describe what she sincerely believes are the injuries or the symptoms of the injuries, but neither she nor the jury have the technical or medical education and experience necessary to reach a reasonable conclusion as to whether the injury or condition she describes was actually caused by the fall.

The trial court denied the plaintiff's motion for reconsideration. This appeal followed.

The plaintiff argues on appeal that the trial court erred in ruling, without a hearing, that she was barred from presenting her case to a jury absent expert medical testimony. She contends that under the facts of this case, expert testimony is not required because the issue of causation and damages is within the common experience of the jury. Specifically, she argues that medical bills, X rays and hospital records, as well as her statements to physicians under New Hampshire Rule of Evidence 803(4), are sufficient to prove causation and damages.

■ We have held that where scientific issues are beyond the capacity of people of common experience and knowledge to form a valid judgment by themselves, expert evidence is required to assist a jury in its decision. *Lemay v. Burnett*, 139 N.H. 633, 634 (1995). We have specifically recognized that expert testimony is frequently required to prove medical causation in cases involving claims of physical injuries. *Id.* at 635; *see also Appeal of Briggs*, 138 N.H. 623, 629 (1994) (workers' compensation). In medical malpractice cases, for example, the general rule is that the proximate cause between the negligence and the injury must be established through expert testimony. *Thorpe v. State*, 133 N.H. 299, 304 (1990); *see also* RSA 507-E:2 (1997). This rule applies if "any inference of the requisite causal link must depend on observation and analysis outside the common experience of jurors . . . ." *Thorpe*, 133 N.H. at 299 (quotations omitted); *see Bentley v. Adams*, 100 N.H. 377, 379 (1956) (medical testimony not necessary when circumstances fall within realm of common knowledge). "Lay testimony is probative on the issue of physical injury and the cause of that injury only if the cause and effect are so immediate, direct and natural to common experience as to obviate any need for an expert medical opinion." *Weaver v. W.C.A.B. (Pa. Power Co.)*, 487 A.2d 116, 118 (Pa. Commw. Ct. 1985).

■ The plaintiff alleges that she sustained severe and permanent injuries as a result of her fall, including head and nose injuries, knee injuries, medical expenses, and pain and suffering. In addition, while not expressed clearly in her writ, the plaintiff alleged in other pleadings that she also sustained abrasions to her head, neck, back and leg as a result of the fall. The cause and effect of such injuries as the latter may be so immediate, direct and natural to common experience that no expert testimony would be necessary. Based upon common experience, jurors may determine, without the aid of expert testimony, that her fall could cause such injuries. We therefore reverse the trial court's dismissal of the plaintiff's negligence case to the extent she claims damages relating to such obvious injuries and remand for further proceedings.

Given the ambiguity of her writ of summons, and the scant record before us, we cannot discern the precise nature and character of the remainder of the plaintiff's claimed injuries. As a result, the plaintiff is entitled to seek damages without expert testimony for those abrasions discussed above. Whether the plaintiff is entitled to seek damages for any other non-permanent injuries is left for determination by the trial court. We do not address any arguments regarding the plaintiff's alleged failure to comply with discovery deadlines since those issues were not raised before the trial court as a ground for dismissal. *See Daboul v. Town of Hampton,* 124 N.H. 307, 309 (1983).

*Reversed in part and remanded.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.