2005 SD 44

**Denice STRUTTON, Plaintiff and Appellee,**

**v.**

**SDG MACERICH PROPERTIES LP, Defendant,**

**and**

**U.S. Metro Group, Inc., a foreign Corporation, d/b/a Metro Cleaning Service, d/b/a Metro Building Maintenance, d/b/a Service Management Systems, Defendant and Appellant.**

**No. 23376.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 2005.

Decided March 30, 2005.

Elizabeth M. Fredrick, Rapid City, SD, for plaintiff and appellee.

Tobin Andrew Karn, John S. Dorsey of Whiting, Hagg & Hagg, Rapid City, SD, for defendant and appellant.

KONENKAMP, Justice.

[¶ 1.] Plaintiff, Denice Strutton, sued U.S. Metro Group, Inc., and others for her personal injuries. U.S. Metro failed to answer and the circuit court granted a default judgment. When U.S. Metro later moved to set aside the default, the court refused. On appeal, we affirm because the circuit court did not abuse its discretion in finding an insufficient showing of excusable neglect and mistake.

**Background**

[¶ 2.] On September 22, 2001, plaintiff injured herself in a slip and fall at the Rushmore Mall in Rapid City, South Dakota. In an effort to settle her claim, her attorney entered into negotiations with U.S. Metro's insurance carrier, Scottsdale Insurance Company. These negotiations were unsuccessful. In November 2003, plaintiff commenced suit in circuit court. She sought to recover damages from both SDG Macerich Properties LP, the owner of the Rushmore Mall, and U.S. Metro, the custodial services provider. SDG Macerich timely answered and later brought a cross-claim against U.S. Metro.*

[¶ 3.] On November 21, 2003, plaintiff's summons and complaint were served on both U.S. Metro's President and its Risk Manager, Louise Nix, at their offices in Los Angeles, California. Nix notified U.S. Metro's local insurance agent, Steve Kim, of Koram Insurance Center, Inc., in Los Angeles. Upon receiving the summons and complaint two days later, Kim discussed the lawsuit with a representative of Scottsdale Insurance.

[¶ 4.] In faxing copies to Scottsdale, he mistakenly used the wrong telephone number. He dialed area code 408 when he should have dialed 480. When Scottsdale did not receive a copy of the pleadings, it took no action on behalf of U.S. Metro. And although Kim had talked with someone at Scottsdale about the lawsuit, he was never notified by anyone there that his fax was not received. Nor did Kim follow up himself to see if Scottsdale was proceeding with a defense for its insured.

[¶ 5.] On March 18, 2004, plaintiff's attorney telephoned Risk Manager Nix at U.S. Metro. She told Nix the time for answering had expired and if U.S. Metro failed to answer the complaint immediately, a motion for default judgment would be filed. Nix assured counsel that she would contact the insurance company right away. But, after that, no answer or other form of appearance was made for U.S. Metro. On May 3, 2004, forty-six days after counsel warned that a default motion was imminent, she mailed copies of her motion for default judgment and notice of hearing to Risk Manager Nix and to U.S. Metro's President.

[¶ 6.] Agent Kim received a copy of the motion from U.S. Metro on May 20, 2004, two days after the motion hearing was held in circuit court. He called a representative at Scottsdale Insurance and then faxed the papers to the company. Once again, however, he mistakenly sent the fax to the same wrong number. And, again,

---

* SDG Macerich is not a party to this appeal.

Scottsdale never inquired why it had not received these papers from Kim.

[¶ 7.] When U.S. Metro failed to appear, the circuit court granted plaintiff's motion for default judgment. The court's Judgment of Liability provided that "liability [be] entered against the Defendant U.S. Metro ... regarding the allegations set forth in Plaintiff's complaint as it pertains to U.S. Metro, Inc." and that "Plaintiff's request for damages against U.S. Metro Group ... be held in abeyance pending further proceedings ...."

[¶ 8.] On July 1, 2004, U.S. Metro moved to set aside the default judgment. Following a hearing, the circuit court ruled that "despite Defendant U.S. Metro's specific knowledge of the filing of the summons and complaint and [its] specific knowledge of Plaintiff's intent to seek a default judgment, no answer, communication, or an appearance of any sort was made by Defendant U.S. Metro before the default judgment was entered." Accordingly, the court denied the motion. U.S. Metro now appeals, contending that the circuit court erred in denying U.S. Metro's motion to set aside the default judgment based on its excusable neglect and mistake in failing to timely answer.

### Analysis and Decision

[¶ 9.] A default judgment can be set aside on a showing of "good cause." SDCL 15-6-55(c); SDCL 15-6-60(b). Doubts should ordinarily be resolved in favor of setting aside a judgment by default so that the case can be tried on the merits. *Roso v. Henning*, 1997 SD 82, ¶ 5, 566 N.W.2d 136, 139 (citation omitted). In the end, however, granting or denying relief from a default judgment rests in the discretion of the trial court and we will not disturb that decision absent an abuse of discretion. *Id.* (citation omitted); *see Estes v. Ashley Hospitality, Inc.*, 2004 SD 49, ¶ 4, 679 N.W.2d 469, 472.

[¶ 10.] To obtain relief, U.S. Metro must show that it (1) acted with excusable neglect or mistake, and (2) had a meritorious defense. *See* SDCL §§ 15-6-55(c) and 15-6-60(b)(1); *Roso*, 1997 SD 82, ¶ 11, 566 N.W.2d at 141. Although no guidelines or standards exist to ascertain "excusable neglect," we have generally held that it "must be neglect of a nature that would cause a reasonably prudent person under similar circumstances to act similarly." *Peterson v. La Croix*, 420 N.W.2d 18, 19-20 (S.D.1988). Whether excusable neglect or mistake occurred must be judged on the unique facts of each case. The burden of establishing these exceptions rests with the party asserting them.

[¶ 11.] U.S. Metro points to its mistaken reliance on its local insurance agent, Steve Kim, to support its claim for relief. Because it thought Kim had given notice of the claim to Scottsdale, and because Kim's dialing error was the reason Scottsdale did not receive the faxes, U.S. Metro argues that fault should not be ascribed to it for failing to timely respond. In its ruling, the circuit judge commented, "Turning the claim over to one's insurance company, and the failure of that insurance company to properly follow-up and ensure that its insured's interests were protected does not, in this Court's mind, rise to excusable neglect. If there is harm to this Defendant, the recourse seems to be with the insurance carrier." From this remark, U.S. Metro reasons that the circuit court confused U.S. Metro's insurance agent with its liability carrier when it concluded that Scottsdale had been given notice of the suit.

[¶ 12.] Yet, Scottsdale did receive notice: two telephone calls from Steve Kim. Rather than checking with Kim to find out why the suit papers had not yet been sent, Scottsdale did nothing. U.S. Metro was

no more diligent. After receiving a warning directly from plaintiff's counsel that a default judgment hearing was imminent, U.S. Metro did nothing to ensure for itself that its liability carrier was indeed proceeding with a defense. When nothing apparently happened after it originally gave the suit papers to Kim, U.S. Metro had some responsibility to act on its own. It could not continue to rely on someone else and absolve itself of responsibility. Such reliance was not sufficient, especially after it received a courtesy warning from plaintiff's counsel. *See Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332, 340 (Ind. 1983) (neglect of an insurance agent and carrier are not valid for purposes of excusable neglect relief for insured).

[¶ 13.] In sum, U.S. Metro's own lack of diligence, along with the negligence of its insurance agent and its insurance carrier, all support the court's decision. A reasonably prudent person would not have acted similarly under these circumstances. No one—not U.S. Metro, not Agent Kim, not Scottsdale Insurance—took any follow up action after their communications about this suit to ensure that it was being handled properly. We conclude that the circuit court did not abuse its discretion in denying U.S. Metro's motion.

[¶ 14.] Affirmed.

[¶ 15.] GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.