# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fairmount Long Term Care, : 
                   Petitioner : 
                            : 
           v. :   No. 223 C.D. 2016
                            :   Submitted: July 29, 2016
Workers' Compensation Appeal : 
Board (Boyer), : 
                   Respondent : 


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE JULIA K. HEARTHWAY, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                 **FILED:  November 21, 2016**

Fairmount Long Term Care (Employer) petitions this Court for review of an order of the Workers' Compensation Appeal Board (Board). The Board affirmed an order of Workers' Compensation Judge Stephen Harlen (WCJ), which awarded workers' compensation benefits to Leonard Boyer (Claimant). For the reasons discussed below, we affirm.

Claimant filed a claim petition on August 27, 2013, alleging that he suffered an abdominal hernia as a result of a work-related injury that occurred on July 8, 2013. Employer filed a response on October 4, 2013, denying that Claimant's injury was work-related. On March 11, 2014, Claimant underwent surgery to repair the hernia. He returned to his normal work duties on April 28, 2014. Claimant was not employed between July 10, 2013, and April 28, 2014. On May 15, 2014, Employer filed a suspension petition which

alleged that Claimant had returned to work at his pre-injury wage, and, accordingly, his benefits should be suspended.

The petitions were assigned to the WCJ who conducted a hearing. Claimant testified before the WCJ and introduced the deposition testimony of his treating physician, John Bowden, Jr., M.D. Employer submitted affidavits of several employees and an independent medical examination (IME) of Claimant, performed by Francis Rosato, M.D.

On March 7, 2014, Claimant testified before the WCJ as follows. At the time of the incident, Claimant was employed by Employer as a cook and kitchen helper. On July 8, 2013, while attempting to lift a large vat of soup weighing approximately 60 pounds, Claimant felt a pop in his stomach. He did not report the incident at that time because he had no significant pain as a result. The following day, Claimant returned to work, but he experienced more significant pain and was unable to lift a 25 pound box. Claimant informed his supervisor about the incident and the pain, and the supervisor instructed him to report to the kitchen manager. When the kitchen manager arrived later that morning, Claimant reported the incident and the kitchen manager instructed Claimant to return home for the day. On July 10, 2013, Claimant worked the barbecue grill at a company picnic, but he did not perform any heavy lifting. On July 11, 2013, Claimant went to his primary care physician and was diagnosed with a hernia. Claimant's primary care physician referred him to a specialist, but he did not schedule the appointment until December due to a lack of health insurance. Claimant returned to work on July 12, 2013, to inform Employer of his diagnosis and request light duty work. Claimant met with human resources, and human resources told him that light duty work was unavailable at that time and instructed him to fill out

2

paperwork and take leave pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654. Because Claimant did not have insurance at the time of his diagnosis, he was unable to immediately undergo surgery to repair the hernia.

Claimant also submitted the deposition testimony of his treating physician, Dr. Bowden, who testified that employees in his office examined Claimant on August 28, 2013, for complaints of abdominal pain. After reviewing the results of that initial examination, Dr. Bowden diagnosed Claimant with an acute posttraumatic ventral hernia. Claimant returned for two follow-up appointments on October 31, 2013, and December 4, 2013. Dr. Bowden testified that his diagnosis of Claimant's injury was based on a review of his medical records and the examination reports of his employees, and that he never directly examined Claimant. Dr. Bowden, however, noted that he had not reviewed all of Claimant's prior medical records. Dr. Bowden testified that, in his professional opinion and with a reasonable degree of medical certainty, Claimant was disabled from July 8, 2013, until April 28, 2014. He testified that, in forming his opinion, he relied on Claimant's statement of how the injury occurred and notes from Claimant's prior physicians, which did not mention the lifting injury. Dr. Bowden stated that nothing he was shown caused him to change his opinion that Claimant's injury resulted from lifting a heavy object. Dr. Bowden also testified that he could not determine whether Claimant had fully recovered, because he had not examined Claimant after the surgery to correct the hernia and did not know that Claimant had undergone surgery until the time of the deposition.

Employer submitted an IME report prepared by Dr. Rosato, dated June 20, 2014. Based on his evaluation of Claimant, Dr. Rosato concluded that

3

Claimant suffered an umbilical hernia caused by lifting the vat of soup. Dr. Rosato opined that the injury was causally related to Claimant's performance of his work duties. Dr. Rosato, however, submitted an addendum report after he had reviewed the affidavits of Claimant's supervisor, the kitchen manager, and Employer's Director of Food Services. Dr. Rosato, in his addendum report, noted that his opinion was based on an interview and examination of Claimant and that his conclusion that Claimant's injury was work-related remained the same and was based on the temporal relationship between Claimant lifting the vat of soup and the development of pain.

Employer submitted a note from Claimant's initial treating physician, which described his complaint as "abdominal pain, duration two weeks," and notes from other physicians that had treated Claimant for abdominal pain after the injury. (Reproduced Record (R.R.) 119a-121a.) These notes did not refer to Claimant's injury as work-related and did not describe how Claimant sustained the injury. Employer also submitted affidavits from Claimant's supervisor, the kitchen manager, and the director. All of the affidavits stated that Claimant never informed them that he was injured while performing his work duties.

The WCJ issued findings of fact and credibility determinations. He found Claimant's testimony to be credible and persuasive and accepted the testimony as consistent and accurate evidence that the injury was work-related. He further found Dr. Bowden's and Dr. Rosato's testimony to be credible and persuasive and based on clinical findings. The WCJ, however, did not find the affidavits of Claimant's supervisor, the kitchen manager, and the director to be persuasive that Claimant's injury was not sustained during the course of his work duties.

4

By decision and order circulated on February 13, 2015, the WCJ concluded that Claimant had satisfied his burden of proving that he sustained a work-related injury in the course of his employment and, as a result, was disabled from July 8, 2013, through April 27, 2014. Accordingly, the WCJ granted Claimant's claim petition.

On March 4, 2015, Employer appealed the WCJ's decision to the Board, arguing that the WCJ's decision was not supported by substantial evidence. Specifically, Employer argued that the WCJ improperly found Claimant's and Dr. Bowden's testimony credible and improperly ignored the statements of Claimant's supervisor, the kitchen manager, and the director. By opinion and order dated January 15, 2016, the Board affirmed the WCJ's decision, concluding that Dr. Bowden's testimony was competent and that the WCJ did not err in accepting Claimant's and Dr. Bowden's testimony as substantial, credible evidence that Claimant sustained his injury in the course of his employment.

On appeal to this Court,[1] Employer argues that Dr. Bowden's testimony did not constitute competent medical evidence, and, therefore, the WCJ's determination was not supported by substantial evidence. Employer also argues that several inconsistencies in the record demonstrate that the WCJ's determination was not supported by substantial evidence.[2]

---

[1] In reviewing an appeal from a decision of an administrative agency, our scope of review is limited to determining whether any constitutional rights have been violated, whether any errors of law exist, or whether necessary findings of fact were supported by substantial evidence. *Philadelphia Newspapers, Inc. v. Workmen's Comp. Appeal Bd. (Guaracino)*, 675 A.2d 1213, 1215 (Pa. 1996).

[2] The Board noted that the WCJ found that Claimant testified that he had to pay one half of the cost of the surgery, $1,800.00, up front despite a lack of any such testimony in the record. **(Footnote continued on next page…)**

5

It is well-settled that the WCJ is the sole arbiter of credibility and evidentiary weight. *Womack v. Workers' Comp. Appeal Bd. (Sch. Dist. of Philadelphia)*, 83 A.3d 1139, 1154 (Pa. Cmwlth.), *appeal denied*, 94 A.3d 1011 (Pa. 2014). In determining whether the WCJ's findings were supported by substantial evidence, we may not reweigh the evidence or the credibility of the witness, but must simply determine whether the WCJ's findings have the requisite measure of support in the record as a whole. *Elk Mountain Ski Resort, Inc. v. Workers' Comp. Appeal Bd. (Tietz, deceased, and Tietz-Morrison),* 114 A.3d 27, 32 (Pa. Cmwlth. 2015). It is irrelevant whether there is evidence to support a contrary finding; if substantial evidence supports the WCJ's necessary findings, we may not disturb those findings on appeal. *Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works)*, 862 A.2d 137, 144 (Pa. Cmwlth. 2004).[3]

In support of its argument that the WCJ's determination was not supported by substantial evidence, Employer argues that Dr. Bowden's testimony was not competent medical evidence. Employer first argues that Dr. Bowden's

---

**(continued…)**

The Board, however, concluded that this finding had no impact upon the ultimate determination that Claimant sustained a work-related injury and, thus, was harmless error. To the extent that Employer raises this issue on appeal, we agree with the Board that the error was harmless.

[3] "Substantial evidence is such relevant evidence a reasonable person might find sufficient to support the WCJ's findings." *Rosenberg v. Workers' Comp. Appeal Bd. (Pike Cnty.)*, 942 A.2d 245, 249 n.4 (Pa. Cmwlth. 2008). "In determining whether a finding of fact is supported by substantial evidence, this Court must consider the evidence as a whole, view the evidence in a light most favorable to the [prevailing party,] and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party." *Verizon Pa. Inc. v. Workers' Comp. Appeal Bd. (Mills)*, 116 A.3d 1157, 1162 n.4 (Pa. Cmwlth. 2015) (internal citations omitted).

6

testimony was equivocal and, therefore, incompetent, because Dr. Bowden relied on Claimant's description of how the injury occurred in determining that Claimant's injury was work-related. Employer next argues that Dr. Bowden's inability to state that Claimant had fully recovered and his lack of knowledge of Claimant's hernia repair surgery renders his testimony incompetent. Employer also argues that Dr. Bowden's testimony is incompetent because he failed to examine all of Claimant's past medical records. Finally, Employer argues that several inconsistencies in the record demonstrate that the WCJ's conclusion was not supported by substantial evidence.

The question of whether expert medical testimony is unequivocal and, thus, competent evidence to support factual determinations is a question of law subject to our review. *Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 80 (Pa. Cmwlth. 2012). In such cases, we review the testimony as a whole and may not base our analysis on a few words taken out of context. *Id.* "Taking a medical expert's testimony as a whole, it will be found to be equivocal if it is based only upon possibilities, is vague, and leaves doubt." *Kurtz v. Workers' Comp. Appeal Bd. (Waynesburg College),* 794 A.2d 443, 449 (Pa. Cmwlth. 2002). "[M]edical testimony is unequivocal if a medical expert testifies, after providing foundation for the testimony, that, in his professional opinion, he believes or thinks a fact exists." *O'Neill v. Workers' Comp. Appeal Bd. (News Corp., Ltd.),* 29 A.3d 50, 57 (Pa. Cmwlth. 2011).

Employer, citing *Weaver v. Workmen's Compensation Appeal Board (Pennsylvania Power Company)*, 487 A.2d 116 (Pa. Cmwlth. 1985), argues that Dr. Bowden's testimony was not competent evidence, because it does not unequivocally establish that Claimant's injury was causally connected to a

work-related incident. Dr. Bowden testified that, in concluding that Claimant's injury was work-related, he relied on Claimant's assertion that he sustained the injury while lifting a vat of soup at work. Employer argues that because Dr. Bowden relied on Claimant's assertion, Dr. Bowden could not unequivocally state that the injury was sustained during the course of his employment. Employer misinterprets our holding in *Weaver*. Under *Weaver* and its progeny, when the cause of the injury is not obvious, unequivocal medical evidence, rather than lay testimony, is required to establish a causal connection between an injury and an alleged cause. *Weaver*, 487 A.2d at 117-18. In *Weaver*, the claimant, a welder, alleged that the injury occurred as a result of him having struck an arc with his welding rod, which caused an intense light flash a few inches in front of his left eye. He asserted that at the time of the flash, he experienced severe pain. Although he initially sought treatment from an optometrist, who found nothing wrong, his eyesight deteriorated over the next week and for several months thereafter until he became legally blind in that eye. The workmen's compensation referee considered the claimant's testimony and the deposition testimony of three ophthalmologists, two of whom testified unequivocally that in their opinion the welder's flash was not the cause of the claimant's injury. The third ophthalmologist testified that he observed a scar in the claimant's eye that was consistent with a burn from a welder's torch, although he also provided other testimony that neutralized his observation, including a statement that he did not know the cause of the scar. The referee awarded benefits, and the Board reversed.

On appeal to this Court, we concluded in *Weaver* that the testimony of the third ophthalmologist was equivocal and that the claimant's own lay testimony as to causation was insufficient to establish causation, because "[l]ay testimony is

8

probative on the issue of physical injury and the cause of that injury only if the cause and effect are so immediate, direct and natural to common experience as to obviate any need for an expert medical opinion." *Id.* at 118. As a result, we affirmed the Board, having concluded that the referee's finding of fact regarding a causal connection between the claimant's disability and his work-related injury was not supported by substantial evidence in the record. *Weaver* is distinguishable from the case at hand, because here, unlike the ophthalmologists in *Weaver*, Dr. Bowden provided unequivocal testimony as to causation.

Although Dr. Bowden did not personally observe Claimant lift the vat of soup, he expressly concluded that, in his professional opinion, Claimant's injury was caused by lifting a heavy object during the course of his employment. While an expert witness may base an opinion on facts of which he has no personal knowledge, those facts must be supported by evidence of record. *Newcomer v. Workmen's Comp. Appeal Bd. (Ward Trucking Corp.)*, 692 A.2d 1062, 1066 (Pa. 1997). In *Newcomer,* the claimant's expert witness diagnosed the claimant with a new shoulder injury two years after the original work-related incident occurred. He based his diagnosis that the shoulder injury was work-related solely on the claimant's story of how the injury occurred, despite the claimant's medical records making no mention of a shoulder injury since the accident. Our Supreme Court concluded that the expert's testimony was incompetent because it was unsupported by the medical record, and the testimony was based on a factual history of the accident which was "patently different from that which was the basis for treatment at the time of the injury." *Id.* Here, the type of injury described in Claimant's medical history is consistent with his description of how the injury occurred. There is no requirement that Claimant's medical

9

expert must have actually witnessed how the injury occurred. Instead, the expert's testimony is unequivocal "so long as the expert expresses a belief that, in his or her professional opinion a fact exists." *O'Neill*, 29 A.3d at 58. It is sufficient that Dr. Bowden relied on Claimant's statement of how the injury occurred and the WCJ found Claimant's testimony to be credible. Accordingly, Dr. Bowden's testimony constitutes unequivocal and competent medical testimony.

Employer also places great weight on Dr. Bowden's testimony that he had no knowledge of Claimant's later surgery to repair the hernia and could not state that Claimant is capable of returning to work because he had not examined Claimant after the surgery. These facts, however, are wholly irrelevant to the determination that Claimant's injury was sustained during the performance of work-related duties.

Employer also argues that Dr. Bowden's failure to physically examine Claimant renders his testimony incompetent. We have long held that a physician's failure to conduct a physical exam affects the credibility of the testimony rather than its competency. *Smith v. Workmens' Comp. Appeal Bd. (Donegal Indus., Inc.)*, 569 A.2d 1049, 1050 (Pa. Cmwlth. 1990). Thus, Dr. Bowden's failure to physically examine Claimant does not render his testimony incompetent.

Similarly, Employer argues that Dr. Bowden's failure to review all of Claimant's prior medical records renders his testimony incompetent. We have previously held that a medical expert's failure to review all of a claimant's medical history affects only the weight to be accorded his expert opinion, not its competency. *Marriott Corp. v. Workers' Comp. Appeal Bd. (Knechtel)*, 837 A.2d 623, 631 n.10 (Pa. Cmwlth. 2003). Dr. Bowden's failure to review all of Claimant's medical records, therefore, does not render his testimony incompetent.

10

Accordingly, we conclude that the WCJ did not err in relying on Dr. Bowden's testimony as competent and substantial evidence that Claimant suffered a work-related injury.

Employer raises several other inconsistencies in the record and argues that the WCJ erroneously accepted Claimant's inconsistent evidence as substantial evidence supporting his claim that his injury was work-related. For instance, Employer points out that a note from Claimant's initial treating physician indicated "abdominal pain, duration two weeks," rather than the three days prior to the examination when Claimant alleges the injury took place. (R.R. 119a-121a). Employer also points out that three physicians' notes do not make reference to Claimant's incident at work and affidavits from Claimant's supervisor, the kitchen manager, and the director state that they were not informed of the alleged incident. Although these inconsistencies may have supported Employer's position before the WCJ, it is well-established that the fact that certain evidence may support a different result is not grounds for reversal if the WCJ's findings are supported by substantial evidence. *Second Breath v. Workers' Comp. Appeal Bd. (Gurski)*, 799 A.2d 892, 899 (Pa. Cmwlth. 2002). As previously stated, we conclude that Dr. Bowden's testimony is substantial evidence in support of the WCJ's finding that Claimant suffered a work-related injury. The inconsistencies noted by Employer, therefore, do not compel a different result on appeal.

As explained above, it is axiomatic that the WCJ is the sole judge of the credibility and weight of the evidence, and we will not disturb his decision as long as it is based on substantial evidence. *Williams,* 862 A.2d at 144. Dr. Bowden's testimony constituted substantial competent evidence that Claimant suffered a hernia due to lifting a heavy object. Claimant testified that he incurred

11

the injury lifting a vat of soup in the course of his employment. The WCJ expressly stated in his opinion that he observed Claimant's demeanor at the hearing and found his testimony of how the injury occurred to be credible. Additionally, we explained that the inconsistencies noted by Employer do not compel a different result on appeal simply because they could support a different finding than that reached by the WCJ. Thus, we conclude that the WCJ's findings of fact are supported by substantial evidence.

Accordingly, we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fairmount Long Term Care,      :
                Petitioner    :
                             :
          v.              :    No. 223 C.D. 2016
                             :
Workers' Compensation Appeal  :
Board (Boyer),            :
               Respondent  :

## **O R D E R**

AND NOW, this 21st day of November, 2016, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
P. KEVIN BROBSON, Judge
