#28559-a-PER CURIAM
**2019 S.D. 10**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

ROBERT COOPER,                                  Plaintiff and Appellant,

    v.

ANDREW CORY BROWNELL
and JASON UTECHT,                               Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MICHELLE K. COMER
Judge

* * * *

DAVE L. CLAGGETT of
Claggett & Dill, Prof. LLC                      Attorneys for plaintiff
Spearfish, South Dakota                         and appellant.

HEATHER LAMMERS BOGARD of
Costello, Porter, Hill, Heisterkamp,
   Bushnell & Carpenter, LLP                  Attorneys for defendant and
Rapid City, South Dakota                        appellee Andrew Cory Brownell.

JEFFERY D. COLLINS of
Lynn, Jackson, Shultz, & Lebrun, P.C.           Attorneys for defendant and
Rapid City, South Dakota                        appellee Jason Utecht.

* * * *

CONSIDERED ON BRIEFS ON
NOVEMBER 12, 2018
OPINION FILED **02/06/19**

#28559

PER CURIAM

[¶1.]	In this personal injury action following a car accident, plaintiff Robert

Cooper obtained default judgments against defendants Jason Utecht and Andrew

Brownell.  Thereafter, Defendants filed a motion to set aside the default judgments,

which the circuit court granted.  Defendants later moved for summary judgment,

arguing that Cooper could not prove causation absent an expert opinion showing his

injuries were caused by the collision.  The circuit court granted Defendants' motion

and dismissed Cooper's suit.  Cooper appeals.  We affirm.

*Facts and Procedural History*

[¶2.]	While Cooper was stopped at an intersection in Deadwood in 2009, a

vehicle driven by Utecht collided with a vehicle driven by Brownell.  The collision

caused Brownell's vehicle to strike the front bumper of Cooper's vehicle.  Cooper

claimed the impact caused him to hit his head between the driver's door and

passenger's door with such force it rendered him unconscious.  Cooper was

transported by ambulance to the Lead-Deadwood Hospital, where he was treated

and released after approximately four hours.  The record does not disclose the

treatment Cooper received at the hospital.

[¶3.]	In September 2012, Cooper brought suit against Utecht and Brownell,

alleging he "sustained personal injuries as a result of" the accident.  Cooper sought

to recover for medical bills and other expenses, as well as damages for past and

future pain and suffering he claimed arose from the accident.  Cooper served

Brownell with a summons and complaint on September 28, 2012.  Utecht was

served on October 26, 2012.  Neither Brownell nor Utecht filed an answer.

[¶4.]    In August 2014, Cooper obtained new counsel and moved for a default judgment against Brownell and Utecht.  He did not serve notice of the motion on either defendant.  On September 25, the circuit court entered findings of fact, conclusions of law, and a default judgment in the amount of $403,848.68 against both Defendants.  The award included Cooper's filing fees, service fees, costs, medical and counseling expenses, future medical bills and expenses, and future counseling expenses.  The amount also included damages for permanent injuries, past and future pain and suffering, and prejudgment interest.

[¶5.]    After receiving notice of the entry of the default judgment, Brownell and Utecht filed separate motions to set the judgment aside.  Brownell claimed Cooper's previous attorney had informed him that he need not worry about filing an answer because Cooper's suit was more directed at Utecht as the negligent driver.  Utecht claimed his attorney had obtained an open-ended extension from Cooper's previous attorney to file an answer.  Cooper stipulated to setting aside the default judgment against Utecht, subject to Cooper's right to contest the issue in the future or on appeal.  However, he resisted Brownell's motion.  After the hearing, the court entered an order setting aside the default judgment against Brownell.  The court also entered an order setting aside the default judgment against Utecht pursuant to the parties' stipulation.

[¶6.]    Utecht filed an answer denying liability and asserting multiple affirmative defenses.  Brownell did not file an answer but engaged in discovery and began actively defending the case.  A trial date was set for March 2018.  In February 2018, Brownell filed a motion for summary judgment, which Utecht

joined. Defendants noted Cooper had not disclosed an expert witness by the disclosure deadline. According to Defendants, Cooper's failure to identify an expert and disclose expert opinions was fatal to his claim because an expert was necessary to establish the causal relationship between this accident and Cooper's injuries.

[¶7.]     In response, Cooper relied on his personal deposition testimony and his medical records to support causation for his claimed injuries. He argued expert testimony was unnecessary because his treating physicians would testify to the facts concerning his treatment and the jury would determine the extent to which the accident caused his injuries. Cooper did not present any testimony, affidavits, or reports from treating physicians or other medical providers showing causation for his claimed damages.

[¶8.]     Cooper filed a cross-motion for summary judgment, claiming no issue of material fact existed as to either defendant's negligence. He also requested the court reinstate the default judgment against Brownell and Utecht. In regard to Brownell, Cooper argued the default judgment should be reinstated or summary judgment granted because Brownell failed to file an answer after the circuit court set aside the default judgment. As to Utecht, Cooper requested the court reinstate the default judgment or grant summary judgment because he "allow[ed] Utecht's Default Judgment to be conditionally set aside[.]" Cooper also requested the court dismiss Utecht's affirmative defenses of contributory negligence, assumption of the risk, and failure to mitigate damages.

[¶9.]     After being alerted that an answer had not been filed, Brownell immediately filed an answer and cross-claim against Utecht. Brownell's counsel

claimed that their docketing system erroneously showed an answer had been filed after the default judgment was set aside. Cooper objected and filed a motion to strike Brownell's answer, arguing Brownell's failure to file an answer for three years rendered his current attempt untimely. Utecht requested leave to file an amended answer to admit "partial negligence," and Brownell objected.

[¶10.] After a hearing, the court denied Cooper's motion to strike Brownell's answer and granted Utecht's motion to amend his answer. The court also denied Cooper's motions to reinstate the default judgment and for summary judgment. The court granted Defendants' motion for summary judgment, concluding Cooper failed to identify expert testimony necessary to establish his claimed injuries and damages were caused by the accident.

[¶11.] Cooper appeals, asserting numerous issues, which we restate as follows:

1. Whether the circuit court erred in granting Brownell and Utecht summary judgment.

2. Whether the circuit court erred in denying Cooper's motion for summary judgment.

3. Whether the circuit court erred in denying Cooper's motion to reinstate the default judgment against Brownell and Utecht.

4. Whether the circuit court erred in denying Cooper's motion to strike Brownell's late answer.

5. Whether the circuit court erred in granting Utecht's motion to amend his answer.

*Decision*

*Summary judgment in favor of Brownell and Utecht*

[¶12.]    Cooper argues the circuit court erred in concluding that expert testimony was necessary to prove the accident proximately caused his damages. He points out Utecht admitted he caused the accident, Cooper testified in his deposition that the accident caused his injuries, and his treating physicians will testify about the treatment provided for the injuries. In his view, "this is a simple automobile collision case," and "[t]he facts and issues are hardly ones that exceed the common experience and capability of a jury." We disagree.

[¶13.]    Proximate cause is "an immediate cause which, in natural or probable sequence, produces the injury complained of." *Martino v. Park Jefferson Racing Ass'n*, 315 N.W.2d 309, 314 (S.D. 1982) (quoting *Mulder v. Tague*, 85 S.D. 544, 549, 186 N.W.2d 884, 887 (1971)). However, proximate cause cannot be "based on mere speculative possibilities or circumstances and conditions remotely connected to the events leading up to an injury." *Id.* Further, when the causal connection between the injury and accident is beyond usual and ordinary experiences, expert testimony is required to establish causation. *Hanson v. Big Stone Therapies, Inc.*, 2018 S.D. 60, ¶ 34, 916 N.W.2d 151, 160.[1]

[¶14.]    From our review, the causal relationship between this accident and Cooper's claimed injuries cannot be determined by a jury absent expert testimony.

---

1.    In his special concurrence in *Hanson*, Retired Justice Konenkamp concluded that the requirement of an expert medical opinion to establish causation could be eliminated "only if the cause and effect are so immediate, direct and natural to common experience as to obviate any need for an expert medical opinion." 2018 S.D. 60, ¶ 48, 916 N.W.2d at 162 (Konenkamp, Retired J., concurring specially) (quoting *Weaver v. Workmen's Comp. Appeal Bd.*, 487 A.2d 116, 118 (Pa. Commw. Ct. 1985)). He observed "that broken bone cases are particularly amenable to lay opinion on causation because the experience is so common." *Id.*

This is because Cooper seeks to recover for extensive injuries to his neck, head, back, right foot, right ankle, right hip, both shoulders, and both knees. Yet there is no dispute that prior to the 2009 accident, he suffered from injuries and ailments to his feet, head, neck, knees, shoulder, and spine. More specifically, Cooper reported he experienced a shoulder injury at work in 1988 that never healed. He underwent neck surgery in 2006. He had twelve MRIs between 2003 and 2009. Cooper was also in a car accident in 2003, from which he reported to have suffered injuries to his neck, arm, and knee. He underwent knee surgery prior to 2009. He also reported that since the 2009 accident, he has been in another vehicle accident and has fallen twice, one time tearing his patellar tendon.

[¶15.] Nevertheless, Cooper claims his treating physicians would be able to provide expert opinion testimony on the issue of proximate cause. He principally relies on *Veith v. O'Brien*, 2007 S.D. 88, ¶¶ 42, 45, 739 N.W.2d 15, 27–28 as support. *Veith*, however, addressed the obligation to disclose facts and opinions of a testifying expert under SDCL 15-6-26(b)(4), not the affirmative burden placed upon on a party in resisting summary judgment under SDCL 15-6-56(e). As the party resisting summary judgment, Cooper was required to "set forth specific facts showing that there is a genuine issue for trial." SDCL 15-6-56(e). Further, he was required "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See One Star v. Sisters of St. Francis, Denver, Colo.*, 2008 S.D. 55, ¶ 9, 752 N.W.2d 668, 674.

[¶16.]     Proof of causation is an element essential to Cooper's case. Therefore, Cooper could not "rest upon the mere allegations" in his pleadings. *See* SDCL 15-6-56(e). Instead, he was required to present facts from which a jury could determine Defendants' negligence was the proximate cause of his injuries. *See O'Day v. Nanton*, 2017 S.D. 90, ¶ 23, 905 N.W.2d 568, 574. *See also Nationwide Mut. Ins. Co. v. Barton Solvents Inc.*, 2014 S.D. 70, ¶ 17, 855 N.W.2d 145, 150–51 (Plaintiff bore the burden to prove both liability and causation in a products liability action and expert testimony was necessary to provide "an evidentiary basis" to successfully resist summary judgment.).

[¶17.]     At most, however, Cooper demonstrated he may have been injured during the accident and that he received medical care following the accident. Yet Cooper failed to submit any affidavits or deposition testimony from the physicians identifying with personal knowledge "such facts as would be admissible in evidence" and "show affirmatively that the affiant is competent to testify to the matters stated therein." *See* SDCL 15-6-56(e). Cooper's medical history is complicated by similar past injuries and treatment. Thus, under these circumstances, the circuit court did not err in concluding Cooper needed to support the causation element with expert testimony. To conclude otherwise would effectively allow the jury to speculate on an unguided determination of causation without the benefit of medical expert evidence.

[¶18.]     Because Cooper did not resist summary judgment with specific facts showing a genuine issue for trial on the question of causation for his claimed injuries, the circuit court properly granted summary judgment on Cooper's claims for negligence.

*Cooper's remaining claims*

[¶19.] Cooper argues the circuit court abused its discretion when it granted Defendants' motions to set aside the default judgment, denied his motion to reinstate the default judgment against both Defendants, denied his motion to strike Brownell's late answer, and granted Utecht's motion to amend his answer.[2] Cooper also claims the circuit court erred in denying his cross-motion for summary judgment.

[¶20.] Initially, we determine the circuit court did not err in denying Cooper's cross-motion for summary judgment because of our conclusion that the circuit court properly granted Defendants' motion for summary judgment. We further conclude the circuit court did not abuse its discretion in permitting Brownell's belated answer and in granting Utecht's motion to amend his answer. It is troubling that Brownell twice failed to file a timely answer in this case, once before default judgment was entered and a second time after the court set aside the default judgment over Cooper's objection. Importantly, however, after the court set aside the default judgment, counsel appeared for Brownell, and the parties actively engaged in discovery and attempted mediation. Cooper did not raise an issue with Brownell's failure to file an answer until Brownell's summary judgment motion was filed, and he identifies no prejudice from the absence of an answer or from the

---

2. Cooper also argues Brownell's answer asserted an untimely cross-claim, Utecht's amended answer constitutes a collusive defense, and that Defendants' affirmative defenses fail as a matter of law. Although Cooper asserted these contentions to the circuit court, the court did not specifically address them because it issued summary judgment in favor of the Defendants. We, therefore, decline to examine these arguments on appeal.

circuit court's decision to permit the late answer. Cooper also fails to identify any prejudice arising from the court's order allowing Utecht to amend his answer.

[¶21.]     Finally, we address Cooper's claim that the default judgment must be reinstated against both Defendants. He first asserts the default judgment should be reinstated because the circuit court failed to enter written findings of fact or conclusions of law when it vacated the default judgment. He also contends Brownell failed to provide a meritorious defense and failed to establish that his neglect was excusable. As to Utecht, Cooper merely points out that he conditionally stipulated to vacate the default judgment, that Utecht filed a late answer, and that Utecht's defenses should have been stricken.

[¶22.]     We review a court's decision to set aside a default judgment for an abuse of discretion. *Strutton v. SDG Macerich Props. LP,* 2005 S.D. 44, ¶ 9, 695 N.W.2d 242, 244. Although the circuit court did not enter written findings or conclusions, it issued oral findings and conclusions during the hearing on Brownell's motion to set aside the default judgment. The court found Brownell did not answer Cooper's complaint because Brownell had a conversation with Cooper's previous attorney indicating that an answer was unnecessary. The court further found that Cooper, once represented by new counsel, did not give Brownell notice of the motion for a default judgment when it would have been "easy" to give Brownell notice. In regard to Utecht, the parties stipulated to the court to vacate the judgment without a hearing. "Doubts should ordinarily be resolved in favor of setting aside a judgment by default so that the case can be tried on the merits." *See id.* Because Cooper has not shown an abuse of discretion, the court did not err in granting the

motions to vacate the default judgment or in denying Cooper's motion to reinstate the default judgment.

[¶23.]     Affirmed.

[¶24.]     GILBERTSON, Chief Justice, and KERN, JENSEN, and SALTER, Justices, concur.